IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. WALKER ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 12-03410-CV-S-ODS-P |
| ) | Crim. No. 09-03093-01-CR-S-ODS |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION DENYING'S MOVANT'S MOTION FOR POSTCONVICTION RELIEF

Pending is Movant's Motion for Postconviction Relief alleging ineffective assistance of counsel. The motion is denied.

### I. BACKGROUND

Movant pled guilty to conspiracy to commit wire fraud, conspiracy to commit money laundering, and criminal forfeiture. He was sentenced to imprisonment for a total of 120 months. An appeal was filed and subsequently dismissed at Movant's request. Pending is Movant's motion for post-conviction relief under 28 U.S.C. § 2255. He raises eight grounds of ineffective assistance of counsel because of the action or inaction of his attorney, Brian David Risley.

### II. DISCUSSION

A claim of ineffective assistance of counsel is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995), *cert. denied*, 517 U.S. 1214 (1996) (quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)). This

analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Assuming the performance was deficient, the prejudice prong requires proof that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* (internal citations omitted). When a guilty plea is challenged under the second prong the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial." *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997). Failure to satisfy both prongs is fatal to the claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); *see also DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

### A. Refusal to Challenge Perjured Testimony (ground one)

Movant first argues that Mr. Risley was ineffective because he failed to challenge perjured testimony that was given before the grand jury. Specifically, Movant contends that Agent Enyart falsely testified that Movant did not file federal income tax returns, and because Mr. Risley failed to challenge this testimony, Movant was indicted "not by the will of the grand jury but by the will of the prosecution." Movant does not set forth any evidence indicating that he has suffered prejudice. There is no proof that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Movant fails to establish the second element of an ineffective assistance of counsel claim.

### B. Witness Selection (grounds two and three)

Movant contends Mr. Risley provided ineffective assistance by refusing to procure

2

an expert witness to testify that certain loans met the origination and underwriting standards in place at the time. Movant does not provide any affidavits to show how the witness would have testified and only offers his own speculation. To successfully establish *Strickland* prejudice for counsel's failure to consult an expert witness, a movant must put forth evidence of what an expert would have stated at trial. *Rodela-Aguilar v. United States*, 596 F.3d 457, 462 (8th Cir. 2010). The Court rejects any argument premised on the failure to call an expert witness because Movant presents no basis for believing that an expert would have testified in the manner he wanted.

Movant also asserts that Mr. Risley failed to procure employees and officers at Guaranty Bank who would have been able to testify about Movant's business plans and practices and his commitment to repaying his loans. Movant has not established by affidavit what these witnesses would have said. *See United States v. Vazquez-Garcia*, 211 Fed. Appx. 544, 546 (8th Cir. 2007) (holding that movant who filed a § 2255 failed to establish prejudice because he produced no affidavit from the witness and only speculated as to how the witness would testify). Movant's ineffective assistance of counsel claim with regard to witness selection fails.

### C. Voluntariness of Guilty Plea (grounds four, five, and eight)

Movant argues Mr. Risley provided deficient performance that resulted in him entering into a plea agreement that he would not have accepted. First, Movant argues Mr. Risley did not fully explain the Plea Agreement as to the sentencing guidelines and limitations of appeal. Second, he argues Mr. Risley failed to explain the levels and enhancements in the Pre-Sentence Report. Finally, Movant contends Mr. Risley was aware that his actions did not rise to the level of money laundering, and failed to challenge the prosecution on that charge. Movant's arguments are without merit.

At the change-of-plea hearing, Movant was asked whether he read the Plea Bargain Agreement and if he went over it with his attorney; he responded affirmatively. Plea Tr. at 4. Movant indicated he understood what was in the Plea Bargain Agreement. Plea Tr. at 4. Movant denied that anyone had made any promise or otherwise overcame

3

Case 6:12-cv-03410-ODS   Document 10   Filed 12/06/12   Page 3 of 6

his will to cause him to plead.  Plea Tr. at 4-5.  He also confirmed that he reviewed the Sentencing Guidelines with his attorney and that he understood them.  Plea Tr. at 6. Finally, Movant testified that he was satisfied with Mr. Risley's advice.  Plea Tr. at 8. Movant's present contradictions of his sworn testimony do not justify postconviction relief. *Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990) (quotations omitted) (representations made during the plea hearing "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings").

D. Failure to Prepare Movant for the Proffer Meeting (ground six)

Next, Movant contends Mr. Risley failed to prepare him for the proffer meeting which resulted in him not being offered the cooperation plea and not receiving a lowered sentence.  Specifically, Movant argues Mr. Risley did not inform him of the type and nature of potential questions that would be asked at the meeting or the level of cooperation that would be expected by the prosecution.  Movant's conclusory allegations fail to specify how Mr. Risley should have prepared him for the proffer meeting.  At the change-of-plea hearing, Movant affirmatively indicated that he was satisfied with his attorney's advice.  Change of Plea Tr. at 8.  Movant could have utilized this time to note his dissatisfaction with Mr. Risley's lack of preparation for the proffer meeting.  Further, Movant fails to indicate what he could have said at the proffer meeting in order for the Government to file a motion for downward departure.  Movant's conclusory allegations will not sustain a claim of ineffective assistance of counsel.  *See Hollis v. United States*, 796 F,2d 1043, 1046 (8th Cir. 1986) ("[C]onclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.").

E. Counsel's Failure to Attend the Presentence Investigation Interview (ground seven)

Finally, Movant contends Mr. Risley was only present at the initial presentence investigation meeting and encouraged and allowed the pre-sentence report writer to contact Movant directly, outside the presence of counsel.  Movant argues this "resulted

4

in a PSR that was distorted and misleading, and led to accusations of obstruction of justice." The Government correctly points out that the Court decided not to apply the enhancement for obstruction of justice and, therefore, counsel cannot be ineffective with respect to it. Movant argues that even though the obstruction of justice enhancement was not applied, "the very fact that such a disparaging document was viewed by Judge Smith prior to sentencing is in itself prejudicial." The Record suggests otherwise. The Court granted Movant's objections to the presentence report, including his objection to enhancement of obstruction of justice, and varied downward to 120 months when the sentencing range was 135-168 months. Sentencing Tr. at 2-3, 8. Movant has failed to establish that he suffered prejudice.

### F. Denial of Certificate of Appealability

On this date, the Court has denied Petitioner's application for a Writ of Habeas Corpus. In order to appeal, Petitioner must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the Court's mind and efficiency is promoted. *See* Rule 11(b), Rules Governing Section 2254/2255 Proceedings.

A Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(quotation omitted).

The Court has considered Movant's claims and concludes that a Certificate of Appealability should be denied with respect to all issues raised by Movant. The rationale for the Court's decision to deny a Certificate of Appealability is as follows:

A. <u>Ineffective Assistance of Counsel: Refusal to Challenge Perjured Testimony</u>—Movant failed to provide any evidence that he suffered prejudice.

There is no proof that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.

B. <u>Ineffective Assistance of Counsel: Witness Selection</u>— Movant failed to provide affidavits indicating how witnesses would have testified and could only speculate as to what their testimony would be.

C. <u>Ineffective Assistance of Counsel: Voluntariness of Guilty Plea</u>— The Record reflects that at the change-of-plea hearing, Movant was satisfied with counsel's assistance with regard to the Plea Bargain Agreement.

D. <u>Ineffective Assistance of Counsel: Failure to Prepare for the Proffer Meeting</u>— Movant failed to identify the way he believes counsel should have prepared him for the proffer meeting or how the outcome would have differed.

E. <u>Ineffective Assistance of Counsel: Failure to Attend the Presentence Investigation Interview</u>—Movant cannot satisfy *Strickland*'s prejudice prong because the Court granted his objection to enhancement of obstruction of justice.

### III. CONCLUSION

After evaluating each of Movant's allegations of ineffective assistance of counsel, the Court concludes that in each instance Movant's attorney acted with the customary skills and diligence that a reasonable competent attorney would have exercised under similar circumstances and that Movant was not materially prejudiced by the attorney's action or inaction. Movant's request for relief under 28 U.S.C. § 2255 is denied. Further, a Certificate of Appealability is denied.

IT IS SO ORDERED.

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 6, 2012          UNITED STATES DISTRICT COURT